1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   SLY BATTEN,                                    CASE NO. 1:08-cv-01750-GSA PC

10                        Plaintiff,               ORDER DISMISSING ACTION, WITHOUT
                                                   PREJUDICE, FOR FAILURE TO EXHAUST
11          v.                                     PRIOR TO FILING SUIT

12   P. L. VASQUEZ, et al.,                        (Doc. 1)

13                        Defendants.
     _____/
14

15          Plaintiff Sly Batten ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis

16   in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on November 17,

17   2008.  Pursuant to Plaintiff's written consent, filed November 26, 2008, and Appendix A(k)(4) of

18   the Local Rules of the Eastern District of California, this case is assigned to the undersigned to

19   conduct any and all proceedings.

20          In his complaint, Plaintiff alleges that on October 26, 2008, correctional officers used

21   excessive physical  force against him, issued a false rules violation report against him, and placed

22   him in administrative segregation.  (Doc. 1, Comp., § IV.)  Plaintiff submitted an inmate appeal

23   grieving the incident on November 13, 2008, the same day he drafted his complaint.  (Id., Ex. 1.)

24   Plaintiff concedes the process is not exhausted, alleging that he has not received a response.  (Id.,

25   § II.)

26          Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

27   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

28   confined in any jail, prison, or other correctional facility until such administrative remedies as are

1   available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

2   administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney

3   v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief

4   sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

5   731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating

6   to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

7          The Court takes judicial notice of the fact that the California Department of Corrections and

8   Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.

9   15 § 3084.1 (2009).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).

10  Four levels of appeal are involved, including the informal level, first formal level, second formal

11  level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must

12  be submitted within fifteen working days of the event being appealed, and the process is initiated by

13  submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id.

14  at §§ 3084.5, 3084.6(c).

15         In order to satisfy section 1997e(a), California state prisoners are required to use the available

16  process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,

17  2383 (2006); McKinney, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and

18  . . . unexhausted claims cannot be brought in court."  Jones, 127 S.Ct. at 918-19 (citing Porter, 435

19  U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet

20  federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (quoting

21  Booth, 532 U.S. at 739 n.5).

22         Although Plaintiff stated in 602 form that the appeal was an emergency appeal, there is no

23  exception to the PLRA's exhaustion requirement.  Responses to informal level appeals are due

24  within ten working days and responses to appeals at the first formal level of review are due within

25  thirty working days. Tit. 15, § 3084.6(b).  If the appeals coordinator determines that processing as

26  an emergency appeal is warranted, the first level is waived and the second level response is due

27  within five working days.  Tit. 15, § 3084.7(a)(2).  Whether or not Plaintiff's appeal was

28  subsequently accepted as an emergency appeal, Plaintiff filed suit without waiting for the expiration

1    of the time period prison officials have to respond to his appeal.

2       Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this

3    action must be dismissed.  42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir.

4    2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

5    Accordingly, this action HEREBY ORDERED DISMISSED, without prejudice, based on Plaintiff's

6    failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

9       IT IS SO ORDERED.

10    **Dated:**    **February 12, 2009**         **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE